**Bruce W. MARTINEZ, Petitioner,**

v.

**Colonel Gordon W. ROWE, Commandant, United States Disciplinary Barracks Fort Leavenworth, Kansas, Respondent.**

**No. 75-187-C3.**

United States District Court, D. Kansas.

Oct. 6, 1975.

John C. Tillotson, Leavenworth, Kan., for petitioner.

E. Edward Johnson, U. S. Atty. and Mary K. Briscoe, Asst. U. S. Atty., District of Kansas, and by L. Neal Ellis, Jr., Captain, JAGC, Washington, D. C., for respondent.

## MEMORANDUM AND ORDER

STANLEY, Senior District Judge, Assigned.

The petitioner, Bruce Wayne Martinez, while in the custody of the respondent at the United States Disiciplinary Berracks at Fort Leavenworth, Kansas, filed an application for a writ of habeas corpus. Martinez was convicted by a United States Army General Court-Martial of the wrongful possession, transfer and sale of marijuana in Fairfax County, Virginia. On September 4, 1974, he was sentenced to thirty months hard labor, a dishonorable discharge, reduction to Private E–1 and forfeiture of all pay and allowances. The sentence was approved by the convening authority but the execution of that portion of confinement at hard labor in excess of eighteen months was suspended for eighteen months, at which time, unless the suspension was sooner vacated, the unexecuted portion of the sentence was to be remitted. Martinez admits that he was a soldier in the United States Army at the time of the alleged offenses but contends that the Army court-martial that convicted him lacked jurisdiction in that the alleged offenses were not "service connected". Pursuant to the order of this court, the respondent has filed an answer and return to a rule to show cause and a motion to dismiss on the ground that the petitioner has failed to exhaust available military judicial remedies. The petitioner has filed a traverse to the answer and return and a memorandum in opposition to the motion to dismiss.

After examination of the pleadings, including all exhibits, the court, on the basis of the petitioner's admissions and the uncontradicted allegations of the answer and return, makes the following findings and order:

On July 18, 1975, before the entry of this court's order filed August 4, 1975, that a rule to show cause be issued, the petitioner was released from custody by reason of clemency granted by the Secretary of the Army.

Following the petitioner's court-martial conviction, his case became subject to review procedure within the military judicial system. Pursuant to 10 U.S.C. § 866, the case is presently before the United States Army Court of Military Review where the petitioner is represented by a military lawyer and by the civilian attorney who represents him in this case. The petitioner, before proceeding in this court, filed an application for a writ of habeas corpus in the United States Court of Military Appeals which was denied July 7, 1975, for the reason that the petitioner's case was pending before the Court of Military Review and that the matters raised therein could be considered by that court. The petitioner also sought administrative relief pursuant to 10 U.S.C. § 938, which was denied.

In that the petitioner's case is pending review by the United States Army Court of Military Review, the petitioner has not exhausted the remedies available to him within the military system. 10 U.S.C. § 866 grants to the Court of Mili-

tary Review the authority to pass on the factual and legal determinations of general courts-martial. If denied relief by that court, the petitioner can seek review by the United States Court of Military Appeals. 10 U.S.C.A. § 867(b)(3). Only after the decision of the military courts become final may the petitioner resort to the federal courts. *Gusik v. Schilder,* 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950).

The fact that the petitioner attacks the jurisdiction of the military to try him does not excuse the exhaustion requirement. *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). That case concerned a pre-court-martial injunctive proceeding attacking the jurisdiction of a court-martial to try an Army officer for the unlawful sale, transfer and possession of marijuana in an off-post, off-duty situation. The Supreme Court held that intervention by a federal district court was premature. That decision holds equally true in a non-final court-martial proceeding pending review by an appellate military court. (*Schlesinger* at page 758, 95 S.Ct. 1300). The petitioner's jurisdictional point can be argued before the Court of Military Review and, if granted review, by the Court of Military Appeals. There is no reason to believe that the petitioner's constitutional rights will not be fully protected by the appellate military courts.

Pursuant to the grant of clemency, the petitioner has been released from custody. He alleges that despite his release he remains dishonorably discharged and therefore suffers from the loss of certain rights and privileges. The petitioner has adequate administrative avenues available to him, pursuant to 10 U.S.C. § 874, to resolve these problems.

For the reasons stated, the court concludes that the relief sought by the petitioner must be denied, and that the motion to dismiss must be granted. Accordingly, it is

'ORDERED that this action be dismissed and that the clerk transmit copies of this memorandum and order to the petitioner, to his attorney, to the respondent, and to the United States Attorney for the District of Kansas.